IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
07/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

DEXTER LEE LARD,                            )
                                           )
                        Petitioner,         )
                                           )
        v.                                  )         Case No. 26-3076-JWL
                                           )
Warden, FCI-Leavenworth,                    )
                                           )
                        Respondent.         )
                                           )
_____    )

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his recidivism risk assessment score by the Bureau of Prisons (BOP). Respondent filed an answer to the petition, but petitioner did not file a traverse or reply brief by the deadline of June 29, 2026.

The Court first rejects respondent's argument that the claim is not yet ripe because petitioner is not yet eligible to have earned First Step Act (FSA) credits applied to his time in prerelease custody or supervised release. The cases on which respondent relies are not apt, however, as they involved prisoners who sought transfers before they were eligible under the governing provisions. In this case, petitioner claims that his past scores are incorrect under the BOP's own policy and that that violation has already affected the number of credits he has earned.

The Court also rejects respondent's argument that the Court should not consider petitioner's claim because he does not have a liberty interest in early release from his

sentence.  Petitioner does not rely on a due process claim, however, and habeas relief is available to a petitioner based on any violation of federal law.  *See* 28 U.S.C. § 2241(c)(3).  Thus the Tenth Circuit has not hesitated to consider the merits of such a habeas claim involving the calculation of FSA credits.  *See, e.g.*, *Harris v. Warden, FCI-Leavenworth*, 2026 WL 1146299 (10th Cir. Apr. 28, 2026).

Turning to the merits of this case, petitioner claims that the BOP has miscalculated his PATTERN score in determining his risk of recidivism as required by 18 U.S.C. § 3632(a).  For the drug program status category, petitioner was given a score on multiple assessments that merely reflected his November 2022 completion of a drug treatment program (NRDAP) while in pretrial custody.  Petitioner claims that he should have been given a score of "No Need" under the governing BOP policy, set forth in Program Statement 5231.09, because of his completion of the program and his lack of documented use of drugs or alcohol for more than five years (since his last documented use in October 2019); and that the incorrect drug status score resulted in a recidivism risk determination of medium instead of low, which has affected his ability to earn FSA credits at a higher rate.

The Program Statement provision of which petitioner claims a violation states as follows:

> (8) Drug Program Status.  Drug Program status is determined by considering the inmate's history of drug and alcohol abuse consistent with the Program Statement Inmate Security Designation and Custody Classification coupled with the inmate completing either the Residential Drug Abuse Program (RDAP) or the Non-Residential Drug Abuse Program (NRDAP).  For inmates who have completed the RDAP or NRDAP program more than five

2

years prior and have not experienced a return to use as documented . . ., the Drug Program status is scored as "No Need."

It would appear upon first reading that petitioner has not satisfied this provision's requirements for a "No Need" score because five years have not yet passed since his November 2022 NRDAP completion. It further appears, however, that the BOP does not interpret this provision in that manner, as it scored petitioner as "No Need" in its latest assessment (in March 2026) based on petitioner's NRDAP completion and his lack of use for the last five years.

According to respondent's declarant, petitioner was not scored as "No Need" in previous assessments because he had indicated a need for treatment by requesting referral to an RDAP in September 2024 – even though it appears that he did not receive such additional treatment, and even though he had already completed an NRDAP – and that his status changed again when he rescinded that request in October 2025 upon learning that the request was preventing his receiving a "No Need" score. The declarant further states that "[i]n addition to the inmate's history of drug and alcohol abuse, a need for Drug Program Status is indicated when an inmate requests drug treatment or it is otherwise determined that the inmate needs to be referred for drug treatment." The declarant, however, has not cited any source or authority for that additional factor, which is not found in Program Statement 5321.09. That provision states that an inmate will receive a "No Need" score if he satisfies the program completion requirement and the lack-of-use requirement, and as interpreted by the BOP (based on its "No Need" score for petitioner in

3

March 2026), petitioner met those requirements for all of his assessments after October 2024 (five years after his last use).

As such, respondent has not explained adequately why the BOP did not violate the Program Statement provision in refusing to give petitioner a "No Need" score prior to March 2026. Accordingly, respondent shall file a supplemental brief addressing that issue, and the Court will retain the petition under advisement at this time.

IT IS THEREFORE ORDERED BY THE COURT THAT respondent shall file a supplemental response as set forth herein on or before **August 17, 2026**, and petitioner may then file a traverse or reply brief on or before **September 14, 2026**.

IT IS SO ORDERED.

Dated this 24th day of July, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4