IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/28/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

DEXTER LEE LARD,

Petitioner,

v.

Warden, FCI-Leavenworth,

Respondent.

Case No. 26-3076-JWL

**MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his recidivism risk assessment score by the Bureau of Prisons (BOP). As set forth more fully below, the Court **grants** the petition.

Petitioner claims that in certain assessments the BOP miscalculated his PATTERN score in determining his risk of recidivism as required by 18 U.S.C. § 3632(a). By Memorandum and Order of July 24, 2026, the Court stated that, according to the applicable BOP program statement, as interpreted by the BOP, it appeared that petitioner should have been given a score of "No Need" in the Drug Program Status category beginning with his March 2025 assessment (his first occurring more than five years after the time of his last drug or alcohol use). The Court thus ordered respondent to file a supplemental brief explaining why the BOP did not therefore violate the program statement in refusing to give petitioner a "No Need" score prior to March 2026 (when he did finally receive a "No Need" score).

In his supplemental response, respondent argues that the petition is now moot because petitioner has received the requested relief. The response and the supporting declaration state as follows: petitioner should have received a "No Need" score in his March 2025 and September 2025 assessments; that a request has been made within the BOP for a retroactive designation for petitioner of "No Need" beginning in March 2025; that even with that change, petitioner would still have received a MEDIUM recidivism risk assessment in March 2025; that with the change petitioner would have received his first LOW assessment in September 2025; and that therefore petitioner would not receive a second consecutive LOW assessment (entitling him to five additional days of First Step Act (FSA) credit for every 30 days of successful programming) until September 2026. Petitioner, in his supplemental traverse, does not dispute that his assessment would not have changed to LOW until September 2025. Respondent appears to be mistaken concerning the effect of the retroactive change, however, as he appears to be ignoring the March 2026 LOW assessment given to petitioner – if petitioner is deemed to have earned his first LOW assessment in September 2025, he would be deemed to have received a second consecutive LOW assessment in March 2026, and thus he should receive the five additional days of credit beginning then, not in September 2026. *See Adkins v. Hudson*, 2024 WL 623996, at *3-4 (D. Kan. Feb. 14, 2024) (interpreting the relevant statute to mean that a prisoner may begin earning additional days of credit upon receipt of a second consecutive low or minimum assessment).

In light of that mistake, the Court declines to find the case to be moot, and it instead grants the petition as follows: The BOP is ordered to assign petitioner a "No Need" score

in the Drug Program Status category retroactively back to his March 2025 assessment, with the result that petitioner shall be given FSA credits at the 15-day rate for every 30 days of programming beginning on March 2, 2026, when he shall be deemed to have received his second consecutive LOW assessment for risk of recidivism.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **granted**, as set forth herein.

IT IS SO ORDERED.

Dated this 28th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge